Howry, J.,
delivered the opinion of the court:
Plaintiff participated in the judicial proceedings which resulted in the award of his distributive share as an ensign bjr filing his petition as an officer of that grade and permitting the roster showing his rating among the officers of the Castine to be an ensign to be transmitted and filed as a part of the record of the cause without objection. Upon the coming in of the report of the auditor he appeared in open court by-counsel (the same counsel also representing the other petitioners) and obtained the entry of an order directing that the decisions, rules, and findings of this court relating to the bounty, together with the list prepared by the auditor, be transmitted to the Navy Department for the purpose of having distribution made of the individual shares of the officers and enlisted men severally entitled thereto, as determined bjr the court in respect to their several cases, or as decided under like conditions in other cases of naval bounty. Thus, bj^ his own act, as well as by the act of the Department, it resulted that, plaintiff did not share in the bounty as a lieutenant of the junior grade, to which he was entitled to be promoted as of and preceding the day of the battle.
There is no question but that plaintiff was underpaid. (In re Engagement at Manila Bay, 36 C. Cls. R., 208.) But the United States have paid $11,600, the total amount of bounty due for the destruction of the enemy’s vessel off the coast of Cuba. The distribution has been made and plaintiff took the part assigned to him as an ensign.
The jurisdiction of the court can be invoked after failure of the accounting officers of the Treasury to do more exact justice (Medbury v. United States, 173 U. S. R., 497), but not where a creditor has contributed by his conduct to mislead the accounting officers, assented to a schedule apportioning unto him a distributive share smaller than that he was entitled to receive, and afterwards accepting in payment a sum less' than *56 that which he might have obtained had he been more careful in the assertion of his rights, at the same time permitting the only fund available for payment to be applied to the settlement of claims against it aggregating enough, with the amount apparently due to him, to absorb the entire fund.
It would be difficult to find a more equitable case of estoppel in pais. It does not alter the situation to say that the error was the result of a clerical inadvertence, and that the auditor’s report was never formally approved by the court. Nor does the intimation made at the argument that the report being on file only two days before its transmission to the Navy Department left plaintiff without adequate opportunity to object to the erroneously small award in his favor. Plaintiff’s haste took the report to the proper department at the end of two days, where it lay some time before actual distribution of the fund. The report was based on the petition and roster, and was ratified by the action of the parties in interest as effectually as if the court had formally approved it. The Government having paid what it was legally required to pay can not be made to pay a second time.
Plaintiff has lost his remedy, and his petition is accordingly dismissed.